IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: } | | |
| } | | |
| JTS Trucking LLC, } | Case No. 20-40423-JJR11 | |
| } | | |
| Debtor. } | | |

| | | |
|---|---|---|
| Atlantic Southern Construction, Inc., } | | |
| } | | |
| Plaintiff, } | | |
| v. } | AP No. 20-40013-JJR | |
| } | | |
| JTS Trucking LLC } | (removal of 50-CV-2018-000021 | |
| and John H. Lowden, } | from the Circuit Court of Marshall | |
| } | County, Alabama) | |
| Defendants. } | | |

MEMORANDUM OPINION ON
PLANITIFF'S MOTION TO ABSTAIN

1. Circuit Court Lawsuit

The claims in above adversary proceeding were originally asserted against JTS Trucking LLC (the "Debtor") and its member, John H. Lowden[1] ("Lowden" and together with the Debtor, the "Defendants"), in a lawsuit (the "Lawsuit") filed on April 2, 2018 in the Circuit Court of Etowah County, Alabama by Atlantic Southern Construction, Inc. ("Atlantic"). On June 6, 2018, venue of the Lawsuit was transferred to the Marshall County Circuit Court (the "Circuit Court"). In its complaint, Atlantic claimed the Defendants were "committing a continuing trespass by flooding water and debris over and into" Atlantic's property causing its property to be "unusable and . . . lessened in value." Atlantic claimed to have "incurred expenses in repairing damage

---

[1] Lowden and his wife, Susan M. Lowden, were each listed in the Debtor's petition as a "member," each holding a 50% ownership interest in the Debtor. The petition, schedules, and other bankruptcy documents were signed by Mrs. Lowden on behalf of the Debtor.

1

done to a building on said property and the continuing trespass renders the property unusable . . . ." Atlantic demanded a judgment against the Defendants for $100,000 and "an order enjoining the Defendants from any further trespass . . . ."

2. Chapter 11, Removal, Referral, and Motion to Abstain

On March 6, 2020, the Debtor filed for relief under chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, et. seq.), and on April 6, 2020 the Debtor removed the Lawsuit pursuant to 28 U.S.C. §§ 1334(b), 1441(a), and it was referred to this bankruptcy court pursuant to 28 U.S.C. § 157(a) and (b) and the district court's General Order of Reference dated July 16, 1984, as amended. Upon its removal and referral, the Lawsuit became an adversary proceeding in the Debtor's bankruptcy case. On October 1, 2020 Atlantic filed a Motion for Abstention (the "Motion," AP Doc. 39) and a few days later filed its brief (the "Brief," AP Doc. 44) in support of its Motion.

In its Brief, Atlantic argued that this court "lacked constitutional authority to exercise jurisdiction over the debtor's [sic] state common law claim," citing as authority *Stern v. Marshall*, 546 U.S. 462 (2011). In *Stern* a chapter 11 debtor filed a counterclaim in her bankruptcy case based on a state law cause of action against a creditor who had filed a proof of claim in the case. Counterclaims by debtors against creditors who file claims in a bankruptcy case are statutorily described as being core proceedings under 28 U.S.C. § 157(b)(2)(C). Bankruptcy courts have the statutory authority to enter final orders in core proceedings. 28 U.S.C. § 157(b)(1). However, the Supreme Court held that, although the bankruptcy court — an Article I court — had statutory core jurisdiction over the state law counterclaim, it lacked Article III constitutional jurisdiction to enter a final order on the core counterclaim.

The Debtor in the instant case scheduled Atlantic as a creditor whose claim was "contingent, unliquidated and disputed" and unknown in amount. Creditors in a chapter 11 case whose claims are not scheduled as contingent, unliquidated, or undisputed are not required to file proofs of claim if they are satisfied with how their claim was shown in debtor's schedules. Fed. R. Bankr. P. 3003(b)(1). However, creditors whose claims are scheduled as contingent, unliquidated, or disputed may not rely on the schedules if they intend to participate in voting on a proposed plan or any monetary distribution: "Any creditor . . . whose claim . . . is . . . scheduled as disputed, contingent, or unliquidated shall file a proof of claim . . . within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Atlantic has not filed a proof of claim in the Debtor's bankruptcy case, and the deadline for filing proofs of claim was July 13, 2020. (Bk. Doc. 34.) In any event, Atlantic made all the claims asserted in the Lawsuit before removal and the Defendants have not filed any counterclaims either before or after removal. Hence, *Stern* has no bearing on the issues raised in Atlantic's Motion.

3. Jurisdiction – Debtor and Its Estate

Federal district courts, and bankruptcy courts by referral, have jurisdiction of all bankruptcy cases, and all civil proceedings arising under the Bankruptcy Code, or arising in or related to bankruptcy cases. 28 U.S.C. §§ 1334(b), 157(a). Proceedings arising under the Code and arising in bankruptcy cases are considered core proceedings in which final judgments and orders may be entered by a bankruptcy court. 28 U.S.C. § 157(b)(1), (b)(2). As for proceedings that only relate to a bankruptcy case — those that do not arise under the Code nor in a

bankruptcy case — unless the parties otherwise agree, the bankruptcy court may not enter final orders and judgments, but must make proposed findings of fact and conclusions of law that are presented to a district court for de novo review and entry of a final judgment.[2] 28 U.S.C. § 157(c). And more importantly to the matter at hand, a removed related-to proceeding is subject to mandatory abstention under § 1334(c)(2) if a party timely moves for abstention and the matter can be timely adjudicated in the state court from which it was removed:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

The claims asserted in the Lawsuit against the Debtor are based on Alabama state trespass laws, and Atlantic seeks monetary damages and is demanding an injunction to stop what it describes as a continuous trespass.[3] Such an injunction is an in personam remedy under

---

[2] The Eleventh Circuit test for determining "related to" jurisdiction requires this court to consider "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 787–88 (11th Cir.1990).

[3] The allegations in Atlantic's complaint are scant and conclusory. However, during hearings, both parties confirmed that Atlantic's property is adjacent to the Debtor's and the alleged damages and trespass were caused when the Defendants altered the elevation of the Debtor's property and thereby diverted water onto Atlantic's property. It appears that the Debtor's real property at issue in the Lawsuit is the Debtor's most valuable asset. Whether the alleged trespass is permanent, as opposed to continuous, is not clear under the facts as the court understands them. *See Harris v. Town of Tarrant City*, 130 So. 83 (Ala. 1930) (changes in grade of property that resulted in harm to adjoining property created a permanent injury—not a series of continuous injuries—so that damages were measured by the diminution in value of the affected property and were recoverable in a single action). *See also Devenish v. Phillips*, 743 So. 2d 492 (Ala. Civ. App. 1999) (finding that retaining wall channeling water onto neighbor's driveway caused a permanent injury to the neighbor's land with continuing harm, but did not

4

Alabama law, and is enforceable against the party enjoined but not against specific property. *See Brown v. Jefferson*, 203 So. 3d 1213, 1222 (Ala. Civ. App. 2014) ("[I]n a general sense, every order of a court which commands or forbids is an injunction; but in its accepted legal sense, an injunction is a judicial process or mandate operating *in personam.*" *Nken v. Holder,* 556 U.S. 418, 428 (2009). *See* 42 Am. Jur. 2d *Injunctions* § 1 (2010) ('Because equity jurisdiction is exercised in personam and not in rem, the remedy of an injunction ordinarily operates in personam and is enforceable against individuals and not against property.')") (internal quotations omitted).

The trespass claim existed and was asserted in the Lawsuit under state law before the Debtor filed its bankruptcy petition. The Lawsuit, as against the Debtor, is arguably related to the bankruptcy case, because the outcome could conceivably effect the estate if the Circuit Court were to award damages and an injunction against the Debtor, even though that relation is questionable now that an allowed claim for any such award is potentially time-barred. In any event, the state court does not have the authority to award relief that would require the Debtor to make changes to what is now estate property.[4] In fact, because trespass is an in personam claim and an injunction is an in personam remedy, no in rem relief against estate property is being

---

create successive events of continuous trespass, and pointing out that even if it ruled otherwise and allowed a second action for a successive instead of permanent injury, trial court could not award injunctive relief because the property with the offending retaining wall had been sold and the court could not order the former owner to now enter the land of another and tear down the offending retaining wall). The same logic may apply to what is essentially a very large dirt wall in the instant case, if it is found to be a permanent rather than a continuing trespass. The Lawsuit's allegations that Atlantic's property has been rendered unusable and reduced in value— the measure of damages—sound more like a permanent than a continuous trespass.

[4] Commencement of the Debtor's chapter 11 case created an estate, which is comprised of all of the Debtor's property, wherever located. Bankruptcy Code § 541(a). Section 1334(e) of title 28 U.S.C. provides that when a bankruptcy case is commenced, the district court (and bankruptcy court by referral) has exclusive jurisdiction of all property of the debtor and the bankruptcy estate.

5

asserted in the Lawsuit, and in light of the bankruptcy court having exclusive jurisdiction over the Debtor's (estate's) property, no such relief may be awarded by the Circuit Court.

One could argue that Atlantic's trespass Lawsuit is also related to the Debtor's bankruptcy case because the Lawsuit might negatively affect the value of the estate's property (to the extent active tort litigation between the Debtor and its neighboring landowner may affect a potential buyer's willingness to purchase the Debtor's property, if at all, without a price concession). But that effect on price does not constitute a de facto lien or a claim against, or an interest in, the property itself and a negative effect on price does not equate to an impairment of the property's title.[5] *See, e.g., Eustace v. Wilbourn*, --- So. 3d ---, 2020 WL 5741535 at *5 (Ala. Civ. App. Sept. 25, 2020) (trial court could have properly found filing a lis pendens was inappropriate when the filer's suit was seeking money damages for trespass, because Ala. Code 1975, § 35-4-131(a) does not require the filing of a lis pendens notice unless the filer is seeking to "enforce any lien upon, right to or interest in, or to recover any land" and a trespass claim seeking damages does not so seek); *see also* 51 Am. Jur. 2d Lis Pendens § 28 (footnotes omitted) ("The courts generally recognize that lis pendens is not an appropriate instrument for use in promoting recoveries in actions for personal or money judgments. Thus, where the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title

---

[5] "[D]eterminations of the validity, extent, or priority of liens" are core proceedings. 28 U.S.C. § 157(b)(2)(K). Likewise, "proceedings affecting the liquidation of assets of the estate" are core proceedings. *Id.* at § 157(b)(2)(O). Because the trespass claim and requested injunctive relief against the Debtor are not interests in or claims against the estate's real property, the Lawsuit is not core under either subsection. The Lawsuit does not cloud or impair the title of property of the estate, although it may impact the value of the property due to a buyer's concern about becoming involved in Atlantic's Lawsuit. The Debtor filed a Notice of Intent to Sell the property, which is set for a hearing on November 19, 2020. (Bk. Doc. 87.) That hearing may demonstrate what effect the Lawsuit has on the property's value and a buyer's willingness to purchase the property before the Lawsuit is resolved.

6

Case 20-40013-JJR    Doc 46    Filed 11/04/20    Entered 11/04/20 09:49:42    Desc Main
Document      Page 6 of 11

to or the right of possession of real property, the filing of a notice of lis pendens is inappropriate.")

In *Flyboy Aviation Properties, LLC v. Franck (In re Flyboy Aviation Properties, LLC)*, 525 B.R. 510 (Bankr. N.D. Ga. 2015) the debtor and an adjacent property owner each claimed adverse interests in the other's property in a prepetition state court lawsuit. The debtor filed for chapter 11 bankruptcy relief and thereafter removed the lawsuit to the bankruptcy court. The bankruptcy court concluded that claims involving the existence and scope of an easement across the estate's real property were core proceedings because of the court's exclusive jurisdiction over estate property: "[T]he determination of [the existence of an easement across estate property] including clarification of the exact scope of the same, is a core matter concerning property of [the debtor's] bankruptcy estate and is subject to the Court's exclusive jurisdiction under 28 U.S.C. § 1334(e)." *Id.* at 517. But all other claims against the debtor, including trespass claims and the request for an injunction, nuisance, tortious interference, and attorney fee requests resulting from those non-core claims, were only "related to" the bankruptcy case.[6]

Atlantic's Lawsuit, like the removed lawsuit in *Flyboy*, does not involve an interest in estate property, but does involve a trespass claim and request for injunctive relief against the Debtor. The trespass claim and associated request for injunctive relief are not core because they

---

[6] In an earlier opinion, the bankruptcy court in *Flyboy* approved the sale of the property that was the subject of the easement and the trespass claims free and clear of the easement, because the easement existed only so long as the property was used as an airport, and the property would not be so used after the sale. Interestingly, although the bankruptcy court had the trespass and injunction claims pending at the time of the sale motion, the opinion approving the sale free and clear made no mention whatsoever of the sale being free and clear of the trespass or injunction claims. Apparently this was because the trespass and injunction claims against the debtor regarding the use of the debtor's real property were not claims that asserted any interest in the real property itself. They were instead in personam claims aimed at the debtor. In other words, the trespass claim and request for an injunction were not interests in the real property in the first place so there was no need to sell free and clear of those non-interests. *In re Flyboy Aviation Properties, LLC*, 501 B.R. 828 (Bankr. N.D. Ga. 2013).

do not arise in the Debtor's bankruptcy case nor under the Code, they do not involve an interest in estate property, and do not affect the ability to liquidate estate property, but they conceivably will have an effect on the bankruptcy estate; they are non-core claims that are "related to" the bankruptcy case. Thus, because the court has only "related to" subject matter jurisdiction over the trespass claim seeking money damages and an injunction against the Debtor, it must examine mandatory abstention under § 1334(c)(2).

4. Mandatory Abstention – claims against the Debtor

Here, each element of § 1334(c)(2) (quoted *supra*) is satisfied. The Motion was timely— it was filed soon after the court raised concerns about subject matter jurisdiction over Lowden, mandatory abstention and remand, and asked the parties to submit their positions on those issues. The Lawsuit is based entirely on a state law trespass claim, between non-diverse citizens (AP Doc. 1 Ex. A Pt. 2), and there is no basis for federal jurisdiction over the Lawsuit aside from the Debtor's bankruptcy case and the Lawsuit's removal. The Lawsuit was filed prepetition and, based upon representations by Atlantic's counsel, which were not challenged by Debtor's counsel, the Lawsuit was scheduled for trial in the Circuit Court when it was removed and should be timely adjudicated in the Circuit Court if remanded. Accordingly, the court finds it must abstain from adjudicating the Lawsuit's claims against the Debtor and will remand the Lawsuit. Nonetheless, in the event the Circuit Court does not adjudicate the Lawsuit with respect to the Debtor and issue a final judgment within 90 days of the entry of the order conforming to this opinion, this court will conclude that the timeliness element of § 1334(c)(2) was not capable of being satisfied and the claims against the Debtor may again be removed. The automatic stay will be terminated to the extent necessary for the adjudication of claims against

8

Case 20-40013-JJR    Doc 46    Filed 11/04/20    Entered 11/04/20 09:49:42    Desc Main
Document    Page 8 of 11

the Debtor to proceed in the Circuit Court, but the stay remains in effect as to Debtor's and the estate's property, and likewise remains in effect prohibiting collection or other enforcement of any judgment or order issued by the Circuit Court with respect to the Debtor, its property, or the estate's property.  Atlantic must return to this court to seek permission before it may attempt to collect any damages or enforce any relief awarded against the Debtor, its property, or property of the estate.

5.  Lowden and Subject Matter Jurisdiction

The Lawsuit's claims against the alleged joint tortfeasor, Lowden, will also be remanded but for a different reason.  Section 1447(c) of title 28 U.S.C. provides that the court *shall* remand a case when it does not have subject matter jurisdiction.  Neither lack of subject matter jurisdiction nor § 1447(c) were mentioned by Atlantic in its Motion or Brief; however, sua sponte, a court may at any time raise its lack of subject matter jurisdiction.  The Debtor's removal of the Lawsuit was based on § 1334(b), which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  The Lawsuit, to the extent it asserts claims against Lowden, a non-debtor, is not a core proceeding arising under title 11 or arising in a bankruptcy case.  As discussed above, the bankruptcy court may nevertheless exercise jurisdiction over the claims against Lowden if they are "related to" the bankruptcy proceeding and the Eleventh Circuit's test for determining "related to" jurisdiction requires this court to consider "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Lemco Gypsum,* 910 F.2d at 787–88.

The court finds that there is no conceivable effect on the bankruptcy estate, regardless of the outcome of the trespass claims against Lowden. The District Court for the Southern District of Florida recently explained the limits of related-to jurisdiction over joint tortfeasors by accepting the following "well supported analysis" and "compelling arguments" against related-to jurisdiction over a non-debtor co-defendant:

> Plaintiffs' primary argument for "related to" jurisdiction is that, to the extent it can recover jointly and severally against a non-debtor defendant, its claims against the Debtor will decrease, affecting the Estate. As Talisman conceded in its Motion to Withdraw the Reference, however, "joint conduct, alone, is not sufficient to confer subject matter jurisdiction in a bankruptcy court over non-debtors." *See, e.g., First Ind. Bank v. Wilson*, 271 B.R. 511, 514 (Bankr. E.D. Mich. 2001). Moreover, while some courts have found joint and several liability can provide a basis for related-to jurisdiction, the better reasoned position is that such an attenuated position stretches the limits of the Eleventh Circuit's related-to jurisdiction "beyond the breaking point of conceivability." *In re Soderstrom,* 6:12-CV-1205-ORL-37, 2013 WL 24205, at *4 (M.D. Fla. Jan. 2, 2013). As the *Soderstrom* Court explained: "To find that these purely state law claims convey 'related to' jurisdiction would be to declare that all bankruptcy courts have jurisdiction over all claims against any non-debtors sued alongside debtors. Such a finding would be utterly illogical." *Id*. . . .

*In re Mouttet*, 2020 WL 5993925, at *22–23 (S.D. Fla. Oct. 9, 2020) (quoting and adopting the defendant's argument; internal record cites and footnote omitted). The *Mouttet* court's rationale applies to the claims asserted against Lowden.

6. Conclusions and Order

The court concludes that it must remand the Lawsuit in its entirety: With respect to Lowden because of lack of subject matter jurisdiction, and with respect to the Debtor because mandatory abstention is required by 28 U.S.C. § 1334(c)(2). Accordingly, a separate order conforming to this opinion will be entered that: (1) remands the Lawsuit, sua sponte, to the extent it asserts claims against Lowden; (2) grants Atlantic's Motion (AP Doc. 39) to the extent

10

Case 20-40013-JJR    Doc 46    Filed 11/04/20    Entered 11/04/20 09:49:42    Desc Main
Document      Page 10 of 11

it seeks abstention and remand as to claims asserted in the Lawsuit against the Debtor; and (3) terminates the automatic stay to allow the adjudication of such claims against the Debtor, provided, however, collection and enforcement of any damages or remedy awarded against the Debtor, its property, or estate property remain stayed and will be adjudicated exclusively by this bankruptcy court pursuant to the claims allowance or disallowance proceedings in the Debtor's underlying bankruptcy case.

So done and dated this 4th day of November 2020.

/s/ James J. Robinson
JAMES J. ROBINSON
Chief United States Bankruptcy Judge